September 2, 1997

FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

**FILED**

**September 2, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| MARY BLAKE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | GREENE CHANCERY |
| | ) | |
| PLUS MARK, INC., AND SUE ANN | ) | Hon. Dennis H. Inman, |
| HEAD, DIRECTOR OF THE | ) | Chancellor |
| DIVISION OF WORKER'S | ) | |
| COMPENSATION, TENNESSEE | ) | |
| DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendants-Appellees. | ) | No. 03-S-01-9512-CH-00137 |

For Plaintiff-Appellant:         For Defendant-Appellee Plus Mark:

Bob McDaniel Green          Gene P. Gaby
Johnson City             Milligan & Coleman
                      Greeneville

                      For Defendants-Appellees Sue
                      Ann Head, Director of the
                      Division of Worker's Compensation

                      Anne T. Widseth
                      Tennessee Department of Labor
                      Knoxville

                      Sandra Keith
                      Tennessee Department of Labor
                      Nashville

**O P I N I O N**

JUDGMENT OF TRIAL COURT
REVERSED; CASE REMANDED.                REID, J.

This is an appeal from the decision of the Chancery Court in a workers' compensation case, in which the trial court granted the employee's motion for non-suit and then entered a judgment of no liability for the employer on its counterclaim. The judgment of the trial court is reversed, and the case is remanded.

I

On September 25, 1992, Mary Blake filed a complaint for workers' compensation benefits against her employer, Plus Mark, Inc., and the Second Injury Fund. The complaint alleged a claim for permanent partial disability benefits. The Second Injury Fund filed an answer stating that it was without sufficient knowledge to respond to the complaint and prayed that the claim against the Fund be dismissed. The employer filed a pleading consisting of an answer and a "counter-complaint." In the answer, the defendant pled the statute of limitations and lack of notice of the alleged injury, and responded to the allegations of the complaint. In its counterclaim, the employer "adopt[ed] the allegations of its answer," and "[sought] a determination . . . of the rights, duties and obligations of the parties" and general relief.

Following the dismissal of a motion by the employer for summary judgment on August 27, 1993 and the decision of a workers' compensation specialist filed on October 24, 1994, the case was set

for trial on May 31, 1995. On the day of the trial, the employee filed a motion for a continuance stating that she had not been able to schedule the deposition of her medical expert. The court denied the motion for a continuance. Thereupon, the employee made a motion that her complaint be dismissed without prejudice, which was granted.

According to the judgment entered in the trial court, the case then "proceeded" on the employer's counterclaim "for a determination of the workers' compensation benefits, if any, to which Mary Blake was entitled from Plus Mark, Inc." No proof was presented by any party. The court entered judgment that the employee "recover no workers' compensation benefits for her claimed injury."

On appeal, the case initially was referred to a Special Workers' Compensation Appeals Panel for findings of fact and conclusions of law. The case was withdrawn for review by the Court pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(A) (Supp. 1996).

**II**

The employee insists that the trial court erred in denying her motion for a continuance, hearing the case on the employer's counterclaim and determining, without proof, that she was not entitled to any benefits.

**A.**

The granting or denial of a motion for a continuance lies in the sound discretion of the court. <u>Morehead v. State</u>, 219 Tenn. 271, 409 S.W.2d 357, 358 (1966). The ruling on the motion will not be disturbed unless the record clearly shows abuse of discretion and prejudice to the party seeking a continuance. <u>State v. Strouth</u>, 620 S.W.2d 467, 472, (Tenn. 1981), <u>cert.</u> <u>denied</u>, 455 U.S. 983 (1982). This case had been filed for more than two and a half years when the court denied the motion for a continuance. The case had been continued previously because, in the words of the trial court, the plaintiff was "looking for a doctor." In support of the motion for a continuance, the plaintiff attached a letter in which a physician described the employee's medical condition, which included cervical disc herniation at three levels, and stated that she had been disabled since 1991. However, the letter contained no statement as to causation of the condition described. The letter did not state that the physician would testify as to causation, or even that he would testify at all. Consequently, the employee has failed to demonstrate that the court abused its discretion in denying the motion for continuance or that the employee was prejudiced by the denial. <u>See</u> <u>e.g.</u> <u>Commissioner of the Dept. of Transp. v. Hall</u>, 635 S.W.2d 110 (Tenn. 1982).

**B.**

The right of the employee to take a nonsuit and the order granting the nonsuit without prejudice is not contested. The employee insists that proceeding further on the employer's prayer for a declaratory judgment was error. She insists that since the counterclaim asserted no grounds for relief other than the denial of liability, dismissal of the complaint required the dismissal of the counterclaim as well as the answer. The provisions of Tenn. Code Ann. § 50-6-225 and Tenn. R. Civ. P. 41.01(1), do not support the employee's position.

Tenn. Code Ann. § 50-6-225 (Supp. 1993) authorizes the employee and also the employer to submit a workers' compensation controversy to the court for determination. Subsection (a)(1) provides:

> In case of a dispute over or failure to agree upon compensation under the Workers' Compensation Law between the employer and employee or the dependents of the employee, either party may submit the entire matter for determination to the judge or chair of the county court in which the accident occurred, and such judge or chair is vested with jurisdiction to hear and determine the issues and render and enforce judgment.

Subsection (b) provides:

> The party invoking the power of the court shall file a petition setting out the facts on which the claim is based under the Workers' Compensation Law.

Under this statute, any dispute between the employer and the employee will be resolved upon a suit by either party "setting out the facts on which the claim is based under the Workers' Compensation Law." In this case, the employer asserted that right in the form of a counterclaim.

Rule 41.01(1) states the circumstances under which a plaintiff may voluntarily dismiss a complaint without prejudice and the effect such a dismissal has on a counterclaim. It states:

> Subject to the provisions of Rule 23.05[1] or Rule 66[2] or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice . . . . If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

Since a defendant may proceed on a counterclaim even though the plaintiff has taken a nonsuit, the question is whether the employer's

---

[1]Rule 23.05 states that a "class action shall not be voluntarily dismissed or compromised without the approval of the court...."

[2]Rule 66 states that an "action wherein a receiver has been appointed shall not be dismissed except by order of the court...."

pleading set forth a counterclaim within the meaning of the rule. Apparently, this precise issue has not been considered previously by an appellate court in this jurisdiction.

Historically, in equity practice, the dismissal of an original bill ordinarily carried with it the dismissal of a cross bill or an answer filed as a cross bill, unless the answer or cross bill set up grounds for affirmative relief. Henry R. Gibson, Suits in Chancery § 726 (2nd ed. 1907); McDowell v. Hunt Contracting Co., 133 Tenn. 437, 181 S.W. 680, 681 (1916). The general rule is that

> [a]s used in a particular statute or rule precluding dismissal where the adverse party has sought affirmative relief, the term "affirmative relief" requires the allegation of new matter that, in effect, amounts to a counterattack. The relief sought, if granted, must operate not as a defense, but affirmatively and positively to defeat the plaintiff's cause of action. Thus, where the pleadings in a counterclaim constitute mere denials of the plaintiff's cause of action and state no facts on which affirmative relief could be granted, the plaintiff's right to voluntary termination of the suit is not affected.

24 Am. Jur. 2d Dismissal § 66 (1983). This general rule is consistent with the language of Tenn. R. Civ. P. 13. Under Rule 13.01 a compulsory counterclaim is "any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the . . . occurrence that is the subject matter of the opposing party's claim. . . ."

The employer's statutory right to file suit and "submit the entire matter for determination" by the court, Tenn. Code Ann. § 50-6-225(a)(1), can be asserted as a counterclaim under Rule 41.01. The counterclaim in this case incorporates the material contained in the answer, identifies the parties, acknowledges that the employee has filed a claim for worker's compensation benefits, and sets forth additional information regarding the conditions of the employee's employment. The employer's pleadings assert that any claim is barred by the one year statute of limitation and that the employee did not give notice within 30 days of the alleged injury. The pleadings assert that the employee has not sustained a work-related injury in the course of her employment and she is not entitled to any benefits. These allegations by the employer are more than "mere denials of the plaintiff's cause of action." They would have been sufficient to state a claim for relief under the workers' compensation statute as an original complaint filed by the employer. Consequently, they are sufficient to state a counterclaim under Rule 41.01.

C.

However, this finding that the counterclaim survived the dismissal of the employee's complaint does not conclude the matter to be decided. The trial court erred in awarding judgment for the employer without hearing proof. After the complaint was dismissed,

the case was pending on the employer's pleadings.[3]  The pleading party has the burden of proving that the controversy is justiciable and of establishing the facts needed to bring an action.  Although the counterclaim was filed under the authority of the workers' compensation statute and not under the Declaratory Judgment Act,[4] it is in the nature of an action for declaratory judgment.

> [The majority view is that] the burden of proof in a declaratory judgment action is the same as in ordinary actions at law or suits in equity, and the plaintiff bringing a declaratory judgment action must, in order to succeed, prove his case in accordance with and within the meaning of such rules, and this rule is not affected by the fact that a negative declaration is sought - of nonliability.  It may be stated as a general rule, that the burden of proof is upon the plaintiff to show that conditions exist to justify the court in exercising its discretionary powers to grant declaratory relief pursuant to the declaratory judgment statute.  It seems that an applicant for a declaratory judgment has the burden of showing that present justiciable controversy exists, and if this fact is not shown then a cause of action for declaratory relief is not established. . . .

2 Walter H. Anderson, Actions for Declaratory Judgments § 375 (2d ed. 1951).  See also Jared v. Fitzgerald, 183 Tenn. 682, 195 S.W.2d 1,4

---

[3]The employee's response to the employer's counterclaim, as required by Tenn. R. Civ. P. 7.01, is not included in the record presented to this Court; however, this is not raised as an issue by the parties.  No responsive pleadings by the Second Injury Fund, aside from the initial answer to the complaint, appear in the record, nor did that party participate at the trial or on appeal.

[4]Tenn. Code Ann. §§ 29-14-100 to 29-14-113 (1980).  See also Tenn. R. Civ. P. 57.

(1946); Century Indus., Inc. v. Wenger Corp., 851 F. Supp. 1260, 1263 (S.D. Ind. 1994).

The employer had the burden of proving the allegations set forth in its pleadings - jurisdictional facts, the issue in controversy and the circumstances that gave rise to the controversy. The employee will be entitled to such benefits, if any, as this evidence may show, unless the employee produces evidence which shows that she is entitled to additional benefits. Consequently, even though the employer's pleading alleging a counterclaim was not dismissed with the employee's complaint, the pleading, without proof, does not entitle the employer to a judgment.

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings.

Costs of the appeal are taxed to Plus Mark, Inc.

_____
Reid, J.

Concur:

Anderson, C.J., Drowota, Birch, and
Holder, JJ.