IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2001 Session

## G. L. VANHORN
v.
## DAN WEBB and BRYANT M. RAINES
d/b/a/ MICKEY'S LATE NIGHT PARTY

**Appeal from the Circuit Court for Davidson County**
**No. 01-C-189      Carol Soloman, Judge**

_____

**No. M2001-00807-COA-R3-CV - Filed August, 9, 2002**

_____

This case arises from commercial property leases. The defendants operated a late night dance club on premises leased from the plaintiff. The plaintiff landlord unilaterally terminated the leases, changed the locks, and filed suit to recover for damage to the premises. While several pretrial motions were pending, the trial court scheduled the final hearing. The trial court found that the defendant tenants had a week-to-week oral lease and that the tenants violated the lease by engaging in illegal activity on the premises. On appeal, the defendant tenants argue that they were not given sufficient notice prior to the final hearing. We affirm, because the record does not show that the issues raised on appeal were presented to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Peter Skeie, Nashville, Tennessee, for the appellants, Dan Webb and Bryant M. Raines.

Gregory D. Clayton, Nashville, Tennessee, for the appellee, G.L. Vanhorn.

**OPINION**

In November 2000, defendant/appellant Bryant Raines ("Raines") entered into a lease with plaintiff/appellee G.L. Vanhorn ("Vanhorn") for commercial property located on 7th Avenue South in Nashville. Defendant/appellant Dan Webb ("Webb") provided Raines the initial financing to secure the lease. Raines opened a late night dance club on the premises. Several weeks later,  the

parties entered into a second lease for the adjacent premises. The terms of both leases are disputed by the parties. The record includes two documents, each titled "Commercial Lease Agreement," which contain a lease termination date of December 31, 2005. However, the documents were not signed by either party. On January 15, 2001, Vanhorn unilaterally "terminated" the leases and changed the locks on the premises.

On January 19, 2001, Vanhorn filed a lawsuit in the Davidson County Circuit Court to recover for damages to the premises in the amount of $11,486. The complaint did not include a jury demand. On January 26, Vanhorn filed a petition for a temporary restraining order, seeking to enjoin the defendants from entering the premises. The petition alleged that the defendants, while operating the nightclub, had engaged in illegal activity and had permitted illegal activity to take place on the premises.[1] The trial court issued the TRO and set a temporary injunction hearing for February 9, 2001.

On February 8, 2001, the defendants filed their answer. The answer did not include a jury demand. In addition, the defendants filed a motion to vacate the TRO along with supporting affidavits. On February 9, Vanhorn failed to appear for the scheduled hearing on the TRO. Conseqently, the trial court vacated its previously issued TRO and restored possession to the defendants by order dated February 14, 2001.

On February 16, 2001, Vanhorn moved to set aside the trial court's order vacating the TRO. On February 20, 2001, the defendants filed a petition for civil contempt against Vanhorn, alleging that he had harassed the defendants and obstructed their use of the premises by failing to provide electricity in violation of the trial court's February 14 order. The trial court granted the defendants' petition and ordered that Vanhorn be held in contempt until he showed that electricity to the premises had been restored. On March 7, 2001, both parties filed competing civil and criminal contempt petitions against the other.

At this point, the trial court, *sua sponte*, scheduled the final hearing in the case for March 15, 2001. At the hearing, both parties presented evidence in support of their respective positions. At the conclusion of the hearing, the trial court agreed with Vanhorn's contention that the parties had an oral week-to week lease. The trial court also found that the defendants had breached the lease by engaging in illegal activities on the premises. Therefore, the trial judge ordered that the premises be immediately restored to Vanhorn. From this order, the defendants now appeal.

On appeal, the defendant tenants argue that the trial court's decision to conduct the final hearing "violated their procedural rights under the Tennessee Rules of Civil Procedure, their right to a trial by jury, and their Due Process rights under the Constitution." The defendants contend that they were not given appropriate notice that the trial court's March 15, 2001 hearing would be "on

---

[1] The petition alleges that the Defendants sold liquor without a license and allowed illegal drugs, such as Ecstasy, to be sold on the premises.

the merits." They maintain that the lack of adequate notice left them unable to adequately prepare for the hearing. The defendants also argue that defendant Webb was not present for the hearing and that the trial court erred in not granting their motion for a continuance on the basis of Webb's absence. Finally, the defendants argue that the trial court's decision to proceed with the hearing violated their right to a jury trial because they were not given the opportunity to request a jury trial prior to the hearing.

In this case, there is no transcript of the proceedings below, nor did the parties file a statement of the evidence presented to the trial court. The appellate court may consider only such matters as were presented to and considered by the trial court. *State Dep't. of Human Servs. v. Defriece*, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996) (mother not permitted to raise the issue of deficiency in parental rights termination petition on appeal when she failed to raise any objections to the trial court). Moreover, a party raising an issue on appeal must produce a record that includes the proceedings relevant to the issue. *State v. Gibson*, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997) ("When the record is incomplete, or does not contain the proceedings relevant to an issue, this Court is precluded from considering this issue. Furthermore, this Court must conclusively presume that the ruling of the trial court was correct in all particulars.").

The defendants argue on appeal that they were denied their right to due process and an opportunity to be heard because the trial court failed to give them adequate notice in advance that the March 15, 2001 hearing would be on the merits. However, the record before this Court includes no indication that this objection was raised to the trial court. Therefore, this issue will not be considered on appeal.

The defendants also argue that the trial court erred in failing to grant a continuance. "The granting or denial of a motion for a continuance lies in the sound discretion of the court. The ruling on the motion will not be disturbed unless the record clearly shows abuse of discretion and prejudice to the party seeking a continuance." *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997) (citations omitted). The defendants assert in their appellate brief that they requested a continuance to allow Webb to testify but that the trial court found that Webb's testimony was unnecessary. However, these facts are not included in the record in this case. Facts asserted in the parties' briefs are not part of the record and may not be considered on appeal. *See McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Since the record of the proceedings below includes no indication that the defendants sought a continuance or the reason for any request for a continuance, we must conclude that the denial of any request for a continuance was not erroneous. Finally, the defendants argue that they were denied the right to a jury trial. The defendants did not demand a jury trial in their answer or any other pleading, nor did they file a written demand for a jury. *See* Tenn. R. Civ. P. 38.05. They ask this Court to assume that they would have filed a jury demand had the trial court not accelerated the proceedings. We decline to do so. Moreover, there is nothing in the record indicating that the defendants objected to proceeding without a jury. Under these circumstances, we find that the defendants waived their right to a jury trial.

The decision of the trial court is affirmed.  Costs of this appeal are taxed against the appellants, Dan Webb and Bryant M. Raines d/b/a Mickey's Late Night Party, and their surety, for which execution may issue if necessary.

_____

HOLLY KIRBY LILLARD, JUDGE