IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief August 4, 2006

## STATE OF TENNESSEE, ex rel., KAREN LEIGH CHUNN v. DONNIE LEE COGGINS

**Direct Appeal from the Juvenile Court for Shelby County**
**No. F7394      George E. Blancett, Special Judge**

_____

**No. W2005-02231-COA-R3-JV - Filed August 15, 2006**

_____

This appeal is from an order of the trial court denying Appellant's motion for a continuance. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Glenwood P. Roane, Sr., Memphis, Tennessee for the appellant, Donnie Lee Coggins.

Paul G. Summers, Attorney General and Reporter and Juan G. Villasenor, Assistant Attorney General, for the appellee, State of Tennessee, ex. rel., Karen Leigh Chunn.

**MEMORANDUM OPINION**[1]

This matter began with the filing of a petition to establish paternity alleging the appellant herein, Donnie Lee Coggins, to be the natural father of Z.A.C. and Karen Leigh Dickey Chunn to be the mother of said child. Mr. Coggins was subsequently ordered to pay child support.

In the ensuing years, various petitions were filed and orders entered holding Mr. Coggins in contempt for failure to pay child support. In March 2005, a motion was filed to modify the support.

---

[1]**RULE 10. MEMORANDUM OPINION**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

An order was entered in the court below wherein child support was increased to $977 per month. It is from that order that Mr. Coggins appeals to this Court.

Although not stated as such, we perceive the issue before this Court to be whether the court below erred in failing to grant Mr. Coggins a continuance. He argues in his brief that at the time of the hearing which is the subject of this appeal, he had requested certain documentation from his certified public accountant but had not received same. He contends that he requested a short extension of time and a re-setting of the hearing in order to obtain the requested documentation. His brief states that this request was "formally made before the court and thus was made a part of the record of same." He states that this request for a continuance was denied and requests this Court to reverse the court below and remand the matter for further hearing.

The role of this Court is to review the record from the court below to determine whether or not error has been committed and which, more probably than not, affected the judgment below. This Court reviews findings of fact by the trial court *de novo* upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 3(d). Our review of this matter is hampered by the fact that the record before us contains neither a transcript nor a statement of the evidence of the proceedings below. The record before us consists of what is commonly referred to as the technical record. Therefore, there is no record to support the "facts" asserted by Mr. Coggins in his brief.

In the absence of a transcript or statement of the evidence, this Court presumes that the trial court's determination of facts is correct. Trial courts have broad discretion in decisions regarding motions for a continuance. This Court is not wont to second guess a trial court's decision on a motion for a continuance unless the record, reviewed as a whole, shows a clear abuse of discretion or that clear prejudicial error has been committed. *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997). These decisions are fact specific and are viewed in the context of all the circumstances existing when the motion is filed. *Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003). In the absence of a record to review, we cannot say that the trial court abused its discretion in denying the motion for continuance.

We affirm the judgment entered below and remand the matter for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Donnie Lee Coggins, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-2-