IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2011

## MARIA WELCHEZ CATULAN v. JUAN MANUEL WELCHEZ

**Appeal from the Circuit Court for Davidson County**
**No. 10D 1037     Carol Soloman, Judge**

---

**No. M2010-01368-COA-R3-CV - Filed December 8, 2011**

---

Husband argues on appeal that the trial court erred in holding a hearing on his wife's petition for an order of protection when his attorney was not present. Finding no error, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

David L. King, Nashville, Tennessee, for the appellant, Juan Manuel Welchez.

Theresa A. Light Critchfield and Jean N. Crowe, Chattanooga, Tennessee, for the appellee, Maria Welchez Catulan.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

The parties in this case were husband and wife, but were separated, at the time of the events at issue on appeal. Maria Welchez Catulan ("Wife") filed a petition for an order of protection against Juan Manuel Welchez ("Husband"). The pertinent facts are set forth in the trial court's statement of the evidence:

1. On April 12, 2010, the Appellee [Wife] filed for an Order of Protection against the Appellant [Husband].

2. On the same day, an Ex Parte Order of Protection was issued and a hearing was set for the 21st day of April, 2010.

3. On April 11, 2010, the Appellant retained private counsel, attorney Paul Walwyn, to represent him at the Order of Protection hearing and in the criminal charges filed relating to the same incident.

4. The docket started at 9:00 a.m. First call was taken. When this case was called, the Appellant informed the Court that he had retained an attorney, and that his attorney had not yet arrived. The Court asked who the attorney was, and the Appellant told us it was Paul Walwyn.

5. The Appellant also asked for a continuance, but that request was denied. The hearing was delayed until the end of the docket.

6. The Court attempted to contact Mr. Walwyn, to determine his arrival time. The Court was then informed that he would be late, but that he was coming.

7. At 11:00 a.m., the docket was concluded, except for this case. The Court decided it would not wait any longer, and held a hearing.

8. The Appellant did not appear to have difficulty understanding the proceedings. A translator was present, and that translator was translating the entire proceedings for the Appellee. The translator is an employee of the Legal Aid Society, and often translates from Spanish to English for this Court.

9. Neither party had counsel present. Testimony was taken, and the Order of Protection was granted.

10. The Court also had a 1 p.m. Child Support Docket. At, or near, the conclusion of that docket, Mr. Walwyn arrived in Court. It was around 2 p.m. The court officers then informed him that his case had already been heard.

11. On May 12, 2010, the Appellant filed a motion to Alter or Amend the Judgment of the Court, stating that his Counsel was unavailable due to a scheduling conflict.

12. Appellant then argued that his due process right were violated, and that he was not given the opportunity to defend himself.

13. The Court denied Appellant's motion on the following grounds, which were stated in open court: Mr. Walwyn did not contact this Court to inform it of his scheduling conflict. Had he done so, every courtesy would have been

extended to him. Further, Appellant's due process rights were not violated, in that he had every right to counsel, but his counsel failed to appear. Appellant had every opportunity to defend himself, and such was communicated by the Court. No request was made by Appellant for translation, as a translator was available to him and was not used.

On appeal, Husband argues that the trial court abused its discretion in denying his request for a continuance, thereby violating his due process rights.

## STANDARD OF REVIEW

A trial court's ruling on a motion to continue is reviewed under the abuse of discretion standard. *Barber & McMurry, Inc. v. Top-Flite Dev. Corp., Inc.*, 720 S.W.2d 469, 471 (Tenn. Ct. App.1986). There has been an abuse of discretion "when the trial court reaches a decision against logic that causes a harm to the complaining party or when the trial court applies an incorrect legal standard." *Riley v. Whybrew,* 185 S.W.3d 393, 399 (Tenn. Ct. App. 2005). We are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness," and "we are not permitted to substitute our judgment for that of the trial court." *Caldwell v. Hill,* 250 S .W.3d 865, 869 (Tenn. Ct. App. 2007).

## ANALYSIS

We must reject Husband's contention that the trial court's decision to deny his motion to continue the hearing violated his due process rights. Tennessee courts have consistently held that there is "no absolute right to counsel in a civil trial." *Knight v. Knight*, No. 02A01-9804-CH-00094, 1999 WL 145002, at *2 (Tenn. Ct. App. Mar. 18, 1999); *Lyon v. Lyon*, 765 S.W.2d 759, 763 (Tenn. Ct. App. 1988). Moreover, the issue here is not whether Husband had counsel but whether his counsel was present at the hearing.

As stated above, the granting or denial of a motion for continuance is a matter within the trial court's discretion. *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1977); *Liberty Mut. Ins. Co. v. Friendship Home Health Agency, LLC*, No. M2007-02787-COA-R3-CV, 2009 WL 736659, at *3 (Tenn. Ct. App. Mar. 19, 2009). The trial court's ruling on the motion "will not be disturbed unless the record clearly shows abuse of discretion and prejudice to the party seeking a continuance." *Blake*, 952 S.W.2d at 415. In ruling on a motion for a continuance, a trial court should consider: "(1) the amount of time the proceedings have been pending, (2) the reasons for the continuance, (3) the diligence of the parties seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." *Burks v. Spurlin,* No. M2006-00122-COA-R3-CV, 2007 WL 1341769, at *2 (Tenn. Ct. App. May 7, 2007).

In the present case, the statement of the evidence states that Husband retained his attorney prior to the filing of the petition for an order of protection on April 12, 2010. The hearing was set for April 21, 2010. In the interim, the attorney did not contact the court to request a rescheduling of the hearing. Moreover, even at the hearing, the attorney informed the court that he was running late but would be there for the hearing. The trial court pushed the case to the end of the docket to accommodate the attorney. Pursuant to Davidson County Local Rule 27.05, "[c]ases will not be continued except for good cause which shall be brought to the attention of the court as soon as practicable before the date of the trial." 20th Dist. Local R. 12.05(a). Under the circumstances, we find no evidence of abuse of discretion. Moreover, the trial court provided Husband with a hearing, and there is nothing in the record to suggest a basis for questioning the propriety of the trial court's decision.

Husband also makes the argument that the order of protection entered by the trial court may harm him because of his status as a legal permanent resident. In this case, our role is to review the trial court's decision, not to consider the possible ramifications of that decision. We find no abuse of discretion in the trial court's decision and, therefore, affirm the judgment.

CONCLUSION

We affirm the judgment of the trial court and assess the costs of the appeal against Husband.

_____

ANDY D. BENNETT, JUDGE