FILED
Mar 11, 2024
10:24 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Kimberlee Thomas ) | Docket No. 2020-01-0624 |
| ) | |
| v. ) | State File No. 6668-2018 |
| ) | |
| Duracell-Cleveland, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | Heard February 7, 2024 |
| Compensation Claims ) | via Microsoft Teams |
| Audrey A. Headrick, Judge ) | |

---

### Affirmed in Part, Vacated in Part, and Remanded

---

In this appeal, the employer asks whether an employee can voluntarily dismiss a pending claim when the employer also filed a petition for benefit determination. The employee reported sustaining injuries while pulling a pallet jack, and the employer provided certain workers' compensation benefits. The employer later denied medical treatment, and the employee filed a petition for benefit determination. Subsequently, the parties engaged in mediation and came to an agreement regarding certain issues, and the mediator prepared a dispute resolution statement. Several months later, the employer filed its own petition for benefit determination seeking to move the claim to resolution. When the parties were unable to fully resolve the claim, a dispute certification notice was issued. The trial court entered a scheduling order that, among other things, set a deadline for expert proof. Shortly after that deadline passed, the employee filed a notice of voluntary dismissal, to which the employer objected. Initially, the trial court denied the employee's attempt to dismiss her case, noting that the employer had filed the petition for benefit determination. Upon reconsideration, the court noted the employee's initial petition for benefit determination was inadvertently omitted from the trial court's record. Because the employee had filed the initial petition, the court allowed the employee to voluntarily dismiss her claim without prejudice. The employer has appealed. Upon careful consideration of the record and the arguments of counsel, we affirm in part and vacate in part the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Garett P. Franklyn, Knoxville, Tennessee, for the employer-appellant, Duracell-Cleveland

Ronald J. Berke, Chattanooga, Tennessee, for the employee-appellee, Kimberlee Thomas

**Factual and Procedural Background**

Kimberlee Thomas ("Employee") was working for Duracell-Cleveland ("Employer") on January 20, 2018, when she reported suffering injuries to her left shoulder, neck, back, and hip while pulling a pallet jack. Employer initially provided benefits but later denied certain medical treatment. On September 14, 2020, Employee filed a petition for benefit determination ("PBD") seeking assistance in obtaining medical benefits.[1] Thereafter, through the Bureau's mediation process, the parties reached an agreement regarding discovery and ongoing medical treatment, which the mediator documented in a "dispute resolution statement." The dispute resolution statement specifically stated, "[i]f additional issues arise in the course of this claim, either party may file an amended Petition . . . utilizing the same docket number," as well as "[s]hould there be disputed issues . . . either party may file a petition."

In August 2021, Employer filed its own PBD seeking assistance in "[f]inalizing the benefit resolution aspect of this claim." In this petition, Employer stated, "[w]e are ready to mediate in hopes of resolving the claim." The parties were unable to resolve the case through mediation, and a dispute certification notice ("DCN") was issued on November 29, 2022, identifying compensability, medical benefits, temporary disability benefits, and permanent disability benefits as disputed issues. The "other" category was also marked, with an email from Employer's counsel attached to the DCN stating, "[f]or additional defenses: Extent of permanent impairment related to left shoulder and neck, compensability (and permanency) of back and/or left hip conditions, and overpayment credit."

Thereafter, the trial court issued a scheduling order requiring all lay witnesses to be deposed by July 31, 2023; all proof depositions of expert witnesses to be taken by October 20, 2023; and for post-discovery mediation to occur on October 31, 2023. In addition to other deadlines, the court set the final compensation hearing for November 29, 2023. The court later extended the deadline for discovery depositions when Employee failed to appear for her deposition, but all other deadlines remained in place. On October 31, eleven days after the deadline for expert depositions passed, Employee filed a notice of voluntary dismissal. On that same date, the post discovery mediation occurred, and another DCN was filed with the court on November 8, with the categories of medical benefits, temporary disability benefits, and permanent disability benefits marked as disputed issues. Employer also submitted an email on November 1 to the mediator noting its objection to any new issues not previously raised, stating the only issue certified to the court was related to the

---

[1] In Section D of the Bureau's PBD form, the filing party is asked to "[i]dentify the workers' compensation issues that apply to the claim." In her petition, Employee marked "Employee has not received medical care from Employer or the insurance company." No other issues were marked.

neck, asserting that the claimant had been rated and released by her two authorized treating physicians, and again claiming an overpayment credit.

Employer filed an objection to Employee's notice of voluntary dismissal, arguing that the matter was proceeding based on Employer's PBD and, thus, Employee was not entitled to voluntarily dismiss Employer's petition. The trial court issued an order denying the voluntary dismissal based on that argument, reasoning that the PBD was "the general equivalent of a complaint" and "the plaintiff is master of the complaint." *See Crawford v. Wal-Mart Associates, Inc.*, No. 2019-08-0951, 2021 TN Wrk. Comp. App. Bd. LEXIS 17, at *10 (Tenn. Workers' Comp. App. Bd. June 18, 2021); *Mullins v. State*, 294 S.W.3d 529, 540 (Tenn. 2009).

Employee filed a motion to reconsider and a response to Employer's objection, explaining that she filed the initial petition for benefit determination and was entitled to voluntarily dismiss her own claim. She also argued that Rule 0800-02-21-.24 states "*a party may move to voluntarily dismiss a petition for benefit determination*," and as such, either party "has a right to take a voluntary dismissal." (Emphasis added.) The court reconsidered its prior order and noted that the initial petition for benefit determination Employee filed in September 2020 was inadvertently omitted from the trial court's record. The court then granted Employee's request for a voluntary dismissal of her "claim" without prejudice "to its refiling within the applicable period." Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). Appellate review of a trial court's decision to grant or deny a voluntary dismissal is governed by an abuse-of-discretion standard. *Stewart v. University of Tennessee*, 519 S.W.2d 591, 593 (Tenn. 1974). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

In its appeal brief, Employer presents several questions for review, including whether it was an abuse of discretion to allow Employee to voluntarily dismiss her PBD when the issues raised in that PBD no longer remained disputed as evidenced by the filing of a dispute resolution statement. However, at oral argument, Employer's counsel emphasized the following issues to be addressed: (1) the impact of a second PBD filed in the same action that raises issues separate and apart from the initial PBD, or in other words, whether a second PBD constitutes a counterclaim under Tennessee Rule of Civil Procedure 13; and (2) if the first question is answered in the affirmative, whether a voluntary nonsuit by one party can dismiss the entire action. For her part, Employee contends that Employer has not raised any issues separate or apart from her initial PBD, and that Rule 0800-02-21-.24 conflicts with Rule 41.01 of the Tennessee Rules of Civil Procedure; thus, the relevant provisions in Rule 41.01 do not apply in the Court of Workers' Compensation Claims.

*Dispute Resolution Statements*

First and foremost, we address the subject matter of the initial PBD and the function and purpose of a dispute resolution statement as used by Bureau mediators. The term "dispute resolution statement" is not defined or discussed in the Bureau's regulations governing the mediation process. The term is also not contained in Tennessee Code Annotated section 50-6-236, which discusses the duties of Bureau mediators and the procedures for mediating claims, nor is it contained in any other section of the Workers' Compensation Law. The dispute resolution statement is an internal form issued by a mediator to summarize the terms of any agreement reached by the parties as to one or more preliminary issues in the case, or it is used to indicate the parties have chosen not to proceed with prosecuting the case at that time. However, a mediator's issuance of a dispute resolution statement has no legal impact on the pendency of the claim. Instead, the petition remains active and unresolved until one of the following events occurs: (1) an order of voluntary dismissal is entered by the court; (2) an order of involuntary dismissal is entered after the issuance of a DCN; (3) a settlement agreement is reached by the parties and approved by a workers' compensation judge pursuant to Tennessee Code Annotated section 50-6-240; or (4) a compensation order is issued by the trial court. *Taylor v. American Tire Distributors*, No. 2015-06-0361, 2017 TN Wrk. Comp. App. Bd. LEXIS 48, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 15, 2017). In short, a dispute resolution statement issued by a mediator does not serve to dismiss or resolve a claim, and that petition remains pending until one of the four events noted above occurs.

Here, after Employee filed her PBD requesting additional medical treatment, the parties reached an agreement regarding certain discovery issues and the additional medical treatment. The terms of that agreement were reflected in a dispute resolution statement. However, as explained above, the Employee's petition remained pending. Although Employer conceded at oral argument that the dispute resolution statement did not dismiss

4

the initial PBD, it argued that the dispute resolution statement confined the issues of the initial PBD to one of medical benefits and discovery. We conclude there is nothing in the workers' compensation statutes, rules, or regulations that authorizes a mediator to "narrow" or "confine" the issues through a dispute resolution statement. Although dispute resolution statements may be useful tools in the mediation process, the statements themselves have no legal bearing on the pendency of the claim, the disputed issues in a case, or the rights and obligations of the parties.

Thus, given that Employee's original petition remained active and unresolved after the issuance of the dispute resolution statement, we must next address whether the trial court abused its discretion in granting Employee a voluntarily dismissal. We hold it did not. Rule 0800-02-21-.24(1) states that "[a] party may move to voluntarily dismiss a petition for benefit determination only once." The rule further provides that a request for voluntary dismissal cannot be granted if the trial court has issued an interlocutory order for benefits or if a motion for summary judgment is pending. As such, although Employee filed a "notice" of voluntarily dismissal rather than a motion as articulated in the regulation, it was the first time a voluntary dismissal was sought, there was no interlocutory order for benefits, and there was no motion for summary judgment pending. "A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case on a clearly erroneous assessment of the evidence." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (internal citation and quotation marks omitted). "[I]n most situations, a voluntary non-suit may be taken as a matter of right." *Ewan v. Hardison Law Firm*, 465 S.W.3d 124,130 (Tenn. Ct. App. 2014). Here, we conclude Employer has failed to show that the trial court's order granting the voluntary dismissal was illogical or erroneous or applied an incorrect legal standard. Thus, the trial court did not abuse its discretion in granting a voluntary dismissal of Employee's PBD.

*Second PBD as a Counterclaim*

Employer raises several arguments regarding the PBD it filed in August 2021. Notably, it contends that its PBD raised issues separate and distinct from Employee's original petition; as such, it should be treated as a counterclaim pursuant to applicable rules of the Tennessee Rules of Civil Procedure. Furthermore, it contends it has the ability to proceed on that counterclaim despite Employee's voluntary dismissal of her PBD. Conversely, Employee contends that she has a right under that same rule to seek a voluntary dismissal of her claim and that the pending PBD Employer filed should not have any bearing on that right under Rule 0800-02-21-.21 of the Bureau's regulations. Furthermore, she contends Rule 41.01 of the Tennessee Rules of Civil Procedure is in direct conflict with Rule 0800-02-21-.21 and, therefore, the Bureau's regulation controls the outcome.

The threshold question is whether a second PBD filed by an opposing party can constitute a counterclaim under Rule 41.01. Previously, we have stated a PBD is the

functional equivalent of a complaint. *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117, -118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *17 (Tenn. Workers' Comp. App. Bd. July 27, 2016). As such, it is the vehicle by which a claim is commenced in the Court of Workers' Compensation Claims and by which the statute of limitations is tolled. *See* Tenn. Code Ann. § 50-6-203(b) (2023). As Employee's counsel noted at oral argument, the form for the PBD states "[t]he legal process for a workers' compensation claim begins with this filing." We have further stated that while there is no requirement under workers' compensation statutes or the Bureau's regulations for the responding party to file a formal answer, the DCN gives an employer the opportunity to assert any defenses to the claim.[2] *Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *20-21 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016). The Bureau provides no form for filing a formal answer or for asserting a counterclaim, nor is there a regulation detailing how to properly raise a counterclaim in the statutes or the Bureau's regulations.[3]

Without any specific guidance from the statutes or regulations regarding this issue of first impression, we look to precedent. In the pre-reform case of *Blake v. Plus-Mark, Inc.*, 952 S.W.2d 413 (Tenn. 1997), the Tennessee Supreme Court considered a counterclaim filed by the employer in the context of a workers' compensation case. In that case, the employee had filed a complaint in chancery court seeking workers' compensation benefits. *Id.* at 414. The employer filed an answer, averring defenses of notice and statute of limitations, as well as a counter-complaint, which "'adopted the allegations of its answer' and '[sought] a determination . . . of the rights, duties and obligations of the parties and general relief.'" *Id.* At the time of trial, the employee requested a continuance, which the trial court denied. *Id.* The employee then asked for a voluntary dismissal of her claim without prejudice, which the trial court granted. *Id.* However, the court proceeded to trial based on the employer's counterclaim to determine what benefits, if any, the employee was owed based on the evidence before it. *Id.* at 415. After neither party submitted any evidence, the trial court entered an order denying benefits to the employee. *Id.* The employee appealed, first asserting error by the trial court in denying the continuance, and then error in hearing the counterclaim given that it purportedly raised no separate or distinct claims or independent grounds for relief. *Id.*

The Supreme Court in *Blake* found no abuse of discretion in the trial court's denial of the continuance, and it then thoroughly reviewed the definition of a counterclaim. *Id.* at

---

[2] Pursuant to Tennessee Code Annotated section 50-6-239(b), the Court of Workers' Compensation Claims is limited to hearing only the issues certified by the mediator on the dispute certification notice except in the limited circumstances outlined in subsection 239(b)(2).

[3] We further note that in circumstances where neither the workers' compensation statutes nor the regulations speak to a procedural issue, the Tennessee Rules of Civil Procedure apply. *See* Tenn. Code Ann. § 50-6-239(c)(1). Hence, we find nothing that *prohibits* a party from filing an answer or counterclaim in accordance with Tennessee Rules of Civil Procedure 7, 8, and 13 if the issues raised in such pleadings have been certified by the mediator on a dispute certification notice.

415-17. It first noted that Tennessee Code Annotated section 50-6-225(a)(1) authorized "the employee *and also the employer* to submit a workers' compensation controversy to the court for determination." *Id.* at 415 (emphasis added). The court determined that the employer in the case asserted that right in the form of counterclaim. *Id.* The court then reiterated that once there is a voluntary dismissal under Rule 41.01, "[i]f a counterclaim has been pleaded by the defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of the plaintiff." *Id.* at 416 (citing Tenn. R. Civ. P. 41.01). Thus, the Court was called on to address the exact question facing us today, which is whether "a defendant [in a workers' compensation case] may proceed on a counterclaim even though the plaintiff has taken a nonsuit." *Id.* The Court also examined "whether the employer's pleading set forth a counterclaim within the meaning of the rule." *Id.* The Court then explained:

> Historically, in equity practice, the dismissal of an original bill ordinarily carried with it the dismissal of a cross bill or an answer filed as a cross bill, unless the answer or cross bill set up grounds for affirmative relief. . . . Under Rule 13.01 a compulsory counterclaim is 'any claim, other than a tort claim, which at the time of the serving of the pleading the pleader has against any opposing party, if it arises out of the . . . occurrence that is the subject matter of the opposing party's claim."

*Id.* The court then held that an employer's "statutory right to submit the entire matter for determination" in a workers' compensation case constituted a counterclaim under Tennessee Rule of Civil Procedure 41.01:

> The counterclaim in this case incorporates the material contained in the answer, identifies the parties, acknowledges that the employee has filed a claim for workers' compensation benefits, and sets forth additional information . . . . The employers' pleadings assert that any claim is barred by the . . . statute of limitation and that the employee did not give notice. . . . The pleadings assert that the employee has not sustained a work-related injury in the course of her employment and she is not entitled to any benefits. These allegations by the employer are more than "mere denials of the plaintiff's cause of action." They would have been sufficient to state a claim for relief under the workers' compensation statute as an original complaint filed by the employer.

*Id.* at 416. The court went on to explain that even though the employer was the defendant as to the employee's original complaint, it pled a valid counterclaim and, when the employee voluntarily dismissed the complaint, the employer became the plaintiff in the case and had the burden of proof. *Id.* at 416-17. As such, the employer was not entitled to a judgment without satisfying its burden to provide evidence supporting the assertions in its pleadings. *Id.* at 417.

7

As we have explained previously, "reliance on precedent from the Tennessee Supreme Court is appropriate unless it is evident the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through general statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. March 27, 2015). The *Blake* court relied on language in section 50-6-225, which at the time contained the following provision:

> In the case of a dispute over or failure to agree upon compensation under the Workers' Compensation Law between the employer and employee . . . either party may submit the entire matter for determination to the judge . . . of the county court . . . and such judge is vested with jurisdiction to hear and determine the issues and render and enforce judgment.

Tenn. Code. Ann. § 50-6-225 (Supp. 1993). Although the procedures for initiating litigation changed with the passage of the 2013 Workers' Compensation Reform Act; the Supreme Court in *Blake* relied primarily on the fact that *either* party could file a petition with the court to initiate litigation in a workers' compensation case. That procedure remains despite the amendments to Tennessee Code Annotated section 50-6-225.[4] *See* Tenn. Comp. R. & Regs. 0800-02-21-.02(23)(a) (2023) ("Any party may file a petition as provided under Tennessee Code Annotated section 50-6-203."). Furthermore, we find no indication that the remedial nature of the pre-July 1, 2014 law was pertinent to the Court's analysis in *Blake*. Hence, we conclude that *Blake* supports the proposition that any party who did not file the original petition can assert a counterclaim in a workers' compensation case pending in the Court of Workers' Compensation Claims and, if the party who filed the original petition elects to seek a voluntary dismissal of the original petition, a party who has properly asserted a counterclaim can elect to proceed as provided in Rule 41.01 of the Tennessee Rules of Civil Procedure.

To the extent Employee's counsel argues that Rule 0800-02-21-.24(1) conflicts with Rule 41.01 of the Tennessee Rules of Civil Procedure, we are unpersuaded. Pursuant to Tennessee Code Annotated section 50-6-239(c)(1), "[w]henever the administrator has adopted an alternate procedural rule or evidentiary rule that conflicts with the Tennessee Rules of Civil Procedure or the Tennessee Rules of Evidence, the rule adopted by the administrator shall apply." Employee asserts such a conflict exists as Rule 41.01 of the Tennessee Rules of Civil Procedure allows the "plaintiff" to take a voluntary dismissal,

---

[4] Tennessee Code Annotated section 50-6-225 now contains the procedure for pursuing an appeal to the Supreme Court, whereas section 50-6-239 now sets out the procedures for presenting a case in the Court of Workers' Compensation Claims.

whereas Rule 0800-02-21-.24(1) allows "a party" to move for voluntary dismissal. This argument fails to consider the entirety of the first sentence of the regulation. Rule 0800-02-21-.24 reflects the fact that, in workers' compensation cases, *either* party can file a petition for benefit determination, and the parties to a workers' compensation claim are generally referred to as "employee" and "employer" rather than "plaintiff" and "defendant." We conclude the first sentence of Rule 0800-02-21-.24(1) merely speaks to the *number* of times the party who filed the petition can move for voluntary dismissal of that petition, and the rule is not in conflict with Tennessee Rule of Civil Procedure 41.01.[5] As such, we hold that Rule 41.01 applies in the Court of Workers' Compensation Claims, and parties who have properly asserted counterclaims can elect to proceed pursuant to that rule despite an order voluntarily dismissing the other party's petition.

Here, the trial court's order granting the employee's request for voluntary dismissal is silent regarding the status of the PBD filed by Employer or any asserted counterclaim. Thus, the trial court has not addressed whether Employer's PBD and/or subsequent filings, including the dispute certification notices and/or any attachments thereto, properly assert a counterclaim and, if so, whether the counterclaim survived the voluntary dismissal of Employee's petition as described in Tennessee Rule of Civil Procedure 41.01. It would be inappropriate for us, in the first instance, to address such issues. *See Buckner v. Eaton Corp.*, No. 2016-01-0303, 2016 TN Wrk. Comp. App. Bd. LEXIS 84, at *12 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2016) ("[I]t is not our place to address . . . issues [not resolved by the trial court] in the first instance on appeal.").

We therefore conclude the trial court's order must be vacated to the extent it suggests the entire "claim" has been voluntarily dismissed, including any possible counterclaims asserted by Employer. Moreover, we conclude the case must be remanded for the trial court to address whether, in light of its order granting Employee's voluntary dismissal of her petition, Employer's PBD and/or other filings constitute a counterclaim and, if so, whether the counterclaim survived the voluntary dismissal of Employee's petition pursuant to Tennessee Rule of Civil Procedure 41.01.[6]

## Conclusion

---

[5] Taken to its logical conclusion, Employee's proposed interpretation would suggest that, in *every* case where an employee has filed a PBD, the employer has the right to "voluntarily" dismiss the employee's petition. Such an interpretation is both illogical and unfeasible.

[6] During oral argument, Employee's counsel advised that Employee had filed another PBD while this appeal has been pending. As such, on remand, the trial court will need to address the effect of that PBD in light of this opinion.

9

For the foregoing reasons, we affirm the trial court's order dismissing Employee's cause of action, vacate the trial court's order to the extent that it could be interpreted as dismissing Employer's petition, and remand the case for the trial court to determine if Employer filed an actionable counterclaim. Costs on appeal are taxed to Employer.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kimberlee Thomas | ) | Docket No. 2020-01-0624 |
| | ) | |
| v. | ) | State File No. 6668-2018 |
| | ) | |
| Duracell-Cleveland, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard February 7, 2024 |
| Compensation Claims | ) | via Microsoft Teams |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of March, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Garett P. Franklyn | | | | X | gpfranklyn@mijs.com ghfuller@mijs.com dmduignan@mijs.com |
| Ronald J. Berke | | | | X | ronnie@berkeattys.com margo@berkeattys.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov