### PETER HELLER v. THE STATE.

No. 11144.     Delivered November 14, 1927.

#### 1.—Illegal Voting—Information and Complaint—Sufficient.

Where, in a prosecution for illegal voting, brought under Art. 241, P. C. of 1925, the information and complaint charging that after voting once at said election the appellant voted and attempted to vote a second time, is sufficient, a change in the wording of said statute, old Art. 221, having been made in the revision of 1925.

#### 2.—Same—Evidence—Held Insufficient.

Where appellant, on trial for illegal voting, was shown to have voted legally under his own real name at a primary election held in El Paso in precinct No. 36, and that thereafter at the same election a vote was cast in precinct No. 1 under the name of Robert Allman, but the state wholly failed to show that this ballot was cast by the appellant, the proof is insufficient to support the verdict, and the cause must be reversed.

Appeal from a conviction in the County Court at Law of El Paso County. Tried below before the Hon. J. M. Deover, Judge.

Appeal from a conviction for illegal voting, penalty a fine of $250.

The opinion states the case.

*W. W. Bridgers, W. O. Hamilton* and *S. P. Weisiger* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—Offense, illegal voting, punishment fine of two hundred and fifty dollars.

It is urged that the prosecution being under Art. 221 of the Penal Code, that the complaint and information is insufficient in that it does not charge that the appellant voted or attempted to vote in any other name than his own and does not charge that he attempted to vote in his own name more than once. The prosecution was not under said article. Art. 221, Penal Code, 1911, was carried forward and incorporated in Art. 241, Penal Code, 1925, and is as follows:

"Whoever at a general, special or primary election votes or attempts to vote more than once shall be fined not less than one hundred nor more than five hundred dollars."

The particular part of the information alleged to be deficient reads:

"Did then and there after having once voted at said election, as aforesaid, to-wit, in Precinct Numbered 36, unlawfully, will-fully, and knowingly vote and attempt to vote again at said primary election, at said Precinct Numbered One."

A part of the old Art. 221 has been dropped in the 1925 revision which seems to have been overlooked by appellant's counsel. As against the objection urged we think the information and complaint were sufficient.

The serious question in the case is the sufficiency of the evidence. A primary election for the nomination of city officers for the City of El Paso was held February 11, 1927. It was the theory of the state that appellant, holding a valid poll tax receipt, voted at said election a legal ballot in election precinct No. 36, and afterwards illegally voted or attempted to vote on the same day under the name of Robert Allman in election precinct No. 1. The record shows that a poll tax receipt was issued to one Robert Allman, residing at 315½ S. El Paso and that someone by that name voted No. 84 in said precinct No. 1. It is nowhere shown that Robert Allman did not cast this vote.

The return on a duces tecum subpoena issued for Robert Allman was offered in evidence, which return reads "Not found in City or County of El Paso, State of Texas." This subpoena and return thereon was dated April 1, 1927, and the offense was alleged to have been committed February 11, 1927. This unsworn ex parte statement on the return was inadmissible, but if given effect it would only prove he was out of the county on April 1 and certainly would not be proof that he was not in El Paso on the preceding February 11. This was the state's only proof as to Allman's whereabouts on February 11. The appellant was seen to go into the polling place, remain a few minutes and return. Upon being accosted, he at first gave his name as Robert Allman, but subsequently gave his true name and denied that he had voted. This was brought out by the state. All of the election officers who testified deny any knowledge of whether he did or did not vote or attempt to vote in precinct No. 1. They seem to have no recollection about the matter whatever and nobody testified to having seen him deposit or attempt to deposit a ballot, or in possession of a ballot about said polling place. The presumption of law with appellant is that he did not vote or attempt to vote. If there is any evidence in the record to overcome this presumption, we have been unable to find it. It may be that Robert Allman was present and did in fact vote ballot No. 84, and to our minds there is not the slightest evidence to show that such was not a fact. The state failed to show either in a negative or in an affirmative way the guilt of the appellant.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.