COMMISSIONER OF the DEPARTMENT OF TRANSPORTATION of the State of Tennessee, Plaintiff-Appellee,

v.

James HALL, et ux., Defendants-Appellants.

Supreme Court of Tennessee, at Nashville.

June 28, 1982.

B. G. Marks & Thomas J. Miner, Sp. Counsel, McMinnville, Robert J. Ames, Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

R. E. Bonner, Jr., McMinnville, for defendants-appellants.

## OPINION

BROCK, Justice.

This is an eminent domain case involving the taking of approximately forty-seven thousandths (.047) of an acre of land belonging to Dr. & Mrs. James Hall.

Suit was brought for the purpose of fixing just compensation for that portion which belonged to the landowners but which was taken for highway improvement purposes and to determine the fair and reasonable compensation for the incidental damages to the land not taken, but which suffered a loss by reason of the taking of the smaller tract.

The case at bar was one of approximately 60 condemnation cases heard in Warren County within a period of a year and a half, resulting from the widening of Chancery Street. In several earlier cases, *e.g.*, *Department of Transportation v. Barksdale* and *Department of Transportation v. Chisam*, the trial court ruled as a matter of law, that the Department of Transportation (hereinafter DOT) was not entitled to discover the landowner's expert witnesses. However, *Barksdale* and *Chisam* were not appealed and their records are not currently before the Court. The plaintiff claims that it could not adequately prepare for trial because it did not have the opportunity to fully discover the defendants' experts.

The plaintiff filed a motion for a continuance on the day of trial after a jury had been impaneled. By allowing the landowner's experts to testify and by denying the DOT's motion for a continuance, the plaintiff asserts the trial court abused its discretion. The Court of Appeals in a 2–1 decision, Judge Nearn dissenting, agreed and ordered a new trial.

The DOT's experts, Mr. Smith and Mr. Hahn, both prepared their appraisals prior to trial and were discovered by the defendants' attorney. However, the defendants' experts, Mr. Lewis and Mr. Martin, did not complete their appraisals as early as did the State's experts. The State took a deposition from Mr. Lewis prior to trial, but during the discovery learned that he had not completed his appraisal. The DOT admitted that it did not attempt to depose the other witness, Martin; asserting that it was assumed it would be a waste of time and money. At trial, Lewis testified that he completed his appraisal approximately a week before the trial. Martin testified that his appraisal was finalized two or three days before trial. This testimony is uncontroverted.

On appeal, the plaintiff contends that the trial court abused its discretion in failing to grant a continuance. However, in order to show an abuse of discretion, the plaintiff must show some prejudice or surprise which arises from the trial court's failure to grant the continuance. *See, e.g., Brady v. State*, 584 S.W.2d 245 (Tenn.Cr. App.1979). The plaintiff did not carry this burden of proof. Contrary to its claims, there was no trial by ambush. The local rule of court required that ten days prior to trial, notice of comparable sales and witnesses to verify such sales must be provided. This rule was complied with on June 19, 1979; clearly ten days prior to the July 3 trial. Thus, the State had been provided the comparable sales figures and no new information was deduced from the landowners at trial. In fact, the State was provided with everything but the appraisal by defendants' experts of the ultimate value of the land taken and the corresponding

incidental damages. Although the State asserts that the appraisal of ultimate value is critical, the wide divergence in value claimed by the landowners' experts compared to that of the State's experts is typical of an eminent domain case and is exactly what the State's attorneys had anticipated. Admittedly there was no surprise. The granting of a continuance would have been an exercise in futility; there is no indication that a continuance would in fact have aided the State.

■ The attorneys, in the case at bar, have couched this appeal in terms of a continuance, whereas, the real complaint is directed towards the alleged denial of discovery authorized by TRCP Rule 26.02(4) entitled "Trial preparation: Experts."[1] However, the record before the Court is not sufficient to address the Rule 26 issue. Although the record indicates that the expert witnesses for the landowners purposely delayed in preparing their final appraisal figures in order to prevent their discovery by the State, the Court cannot assume that discovery would have been futile had the State attempted to discover the experts prior to trial. We are limited to consideration of those issues that are *actually* before the Court and are not authorized to give advisory opinions. Since the plaintiff did not attempt to discover these experts, the Court cannot decide this issue.

■ Rather than attempting to secure a continuance, it appears that the State had two options. The trial court's initial ruling that the DOT was not entitled to discover the expert testimony of the landowners might have been the subject of an interlocutory appeal; the other option was to proceed with the trial, but preserve the discovery issue on appeal by preparing a complete and thorough record. Since neither option was followed and the record fails to show an abuse of discretion by the trial court in denying a continuance, the Court of Appeals decision is reversed and the trial court's judgment is reinstated. Costs of this appeal will be borne by the DOT.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.

1. Rule 26.02(4) provides:

"(4) TRIAL PREPARATION: EXPERTS. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

"(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

"(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial, only as provided in Rule 35.02 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

"(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (4)(A)(ii) and (4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (4)(A)(ii) of this rule the court may require, and with respect to discovery obtained under subdivision (4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert. [As amended July 1, 1979.]"