IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 2, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

MARK McCAIN,

    Plaintiff-Appellant,

v.

AIRPORT HONDA and BOB
RUTHERFORD,

    Defendants-Appellees.

) C/A NO. 03A01-9603-CV-00099
)
) BLOUNT LAW
)
) HON. W. DALE YOUNG,
) JUDGE,
)
) AFFIRMED
) AND
) REMANDED


KEVIN W. SHEPHERD, Maryville, for Plaintiff-Appellant.

BEECHER A. BARTLETT, JR., and ADRIENNE L. ANDERSON, KRAMER, RAYSON, LEAKE, RODGERS & MORGAN, Knoxville, for Defendants-Appellees.


**O P I N I O N**


Franks. J.


In this action asking damages for alleged retaliatory discharge, the Trial Court granted employer summary judgment, and plaintiff has appealed. We affirm.

Plaintiff was hired by Airport Honda as a used car salesman in February of 1994. His immediate supervisor was defendant Bob Rutherford. Plaintiff testified in his deposition that he discovered that fellow employees were forging customers' names to contracts for services they did

not request.  He reported this to the general manager for Airport Honda, and to John Stidham, an assistant used car manager.  Approximately six weeks after plaintiff reported the forgeries, he was terminated by Rutherford.

Plaintiff insists there is a disputed issue of material fact and the granting of summary judgment was in error.

A trial court should grant summary judgment only if the movant demonstrates there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  T.R.C.P. Rule 56.03.  The court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence.  *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

The requisite elements of a retaliatory discharge are set forth in *Anderson v. Standard Register Co.*:

> (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

857 S.W.2d 555, 558 (Tenn. 1993).

In this case, the Trial Court concluded the plaintiff failed to show the fourth element, a causal connection between the reporting of the alleged forgeries and his dismissal.  Although the elements in *Anderson* involve a workers' compensation case, they are in accord with the requirements that have been enunciated for other types of

2

common-law retaliatory discharge suits. *See, e.g., Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 825 (Tenn. 1994).

The plaintiff bears the burden of showing the causal relationship, *Anderson.* In this case, the only evidence linking the dismissal and the ?whistle blowing? was plaintiff's reporting the alleged forgery to a supervisor and his termination from the employment six weeks later.

Evidence of causation requires more than the facts showing employment, the exercise of rights, and a subsequent discharge. *Thomason v. Better-Bilt Aluminum Products, Inc.*, 831 S.W.2d 291, 293 (Tenn. App. 1992). It requires direct evidence or compelling circumstantial evidence. *Id. Also see Moskal v. First Tennessee Bank*, 810 S.W.2d 509 (Tenn. App. 1991). The plaintiff's mere ?belief or understanding? of why he was dismissed, is not sufficient to create a genuine issue of material fact. *Newsom v. Textron Aerostructures*, 924 S.W.2d 87 (Tenn. App. 1995). The Tennessee Supreme Court has rejected the idea that a short length of time between the incident and the dismissal constitutes a *prima facie* showing of retaliation. *Conatser v. Clarksville Coca-Cola*, 920 S.W.2d 646 (Tenn. 1995) (dismissal three days after returning to work from injury recuperation was insufficient to show causal connection).

While the *Conatser* court quoted a treatise stating ?proximity in time without evidence of satisfactory job performance does not make a *prima facie* case,? some evidence of plaintiff's satisfactory job performance is not compelling circumstantial evidence of the causal connection. Accordingly, we conclude the Trial Court did not err in

3

granting summary judgment to defendant.

Plaintiff urges that the Trial Court should have granted his motion for a continuance. The motion was made on the date of the hearing for summary judgment. The plaintiff argues the motion should have been granted, because until the motion for summary judgment was filed, defendant had not delivered discovery materials requested.

The trial court has broad discretion in determining whether to grant a request for continuance. *Barber and McMurry, Inc. V. Top-Flite Development Corporation, Inc.*, 720 S.W.2d 469, 471 (Tenn. App. 1986). In order to demonstrate an abuse of discretion, a party must show some prejudice or surprise which arises out of the trial court's failure to grant a continuance. *Commissioner of Department of Transportation v. Hall*, 635 S.W.2d 110 (Tenn. 1982). Most of the late filed discovery dealt with proving the forgery, an allegation which was to be assumed true for the purposes of the summary judgment hearing. The exhibits which were relevant to the hearing were available for review by the appellant for several weeks. There was no prejudice from the Trial Court's failure to grant a continuance. Accordingly, we find no abuse of discretion.

Defendants have raised an issue which we find to be without merit and there is no need to address the issue.

The judgment of the Trial Court is affirmed, the cost of the appeal is assessed to appellant, and the cause remanded.

4

_____

Herschel P. Franks, J.


CONCUR:


_____

Houston M. Goddard, P.J.


_____

Charles D. Susano, Jr., J.