MATHIVATHANI MOHAN,               )
                                  )
        Plaintiff/Appellee,       )       Appeal No.
                                  )       01-A-01-9708-CV-00415
v.                                )
                                  )       Davidson Circuit
RATHNASABAPATHY MOHAN,            )       No. 96D-373
                                  )
        Defendant/Appellant.      )
                                  )

FILED

October 9, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE MARIETTA H. SHIPLEY, JUDGE



JERRY L. VANCE
6202 Charlotte Avenue
Nashville, Tennessee  37209-3030
        ATTORNEY FOR PLAINTIFF/APPELLEE


ANDREW M. CATE
Waynick & Cate
211 Donelson Pike, Suite 2
P. O. Box 148058
Nashville, Tennessee  37214
        ATTORNEY FOR DEFENDANT/APPELLANT



VACATED AND REMANDED




WALTER W. BUSSART, SPECIAL JUDGE

# OPINION

This is an appeal from the final divorce decree of Rathnasabapathy Mohan ("the Husband") and Mathivathani Mohan ("the Wife") which was entered by the lower court in December of 1996. The contested divorce action initiated by the Wife involved issues of custody, visitation, child support, alimony, classification and division of marital property, and apportionment of marital debt. This appeal by the Husband emanates from the fact the Husband was not present when the final hearing took place.

On December 12, 1996, when the lower court heard this matter, the Husband was in India. Two weeks before trial, he had moved for a continuance citing as his reason a family emergency which required overseas travel. The court denied said motion stating that it was not well taken, and when the Husband renewed the continuance motion on the date of the final hearing, it was again denied. In the statement of evidence, the court indicated that said motion was denied because the Husband had been present at the pre-trial conference which took place on November 19, 1996 and because the Wife already possessed her air line ticket for the December 12 hearing. In addition, the court stated that there were no documents to verify the illness of the Husband's mother.

At the trial, the only testimony was from the Wife. In the court's statement of evidence, the Wife's testimony was summarized as follows:

> [She] testified that the [H]usband was living and working in the United States at the time of the separation of the parties. She had to flee to Colorado to be with her relatives, due to his physical and emotional abuse and his failure to help support them. She had left about February 28, 1996. She stated that there had been little contact with the minor child. He had not come to Colorado to visit them pursuant to the order of the court. She testified that the child was afraid of his father and did not want to go to India, as he enjoyed his friends in the United States. She testified that his mother had chronic health problems, including diabetes mellitus with ischemic heart disease, resulting in periodic hospitalizations. She further testified that the [H]usband had allowed the house to be foreclosed. They had much expensive furniture in the house, but he had allowed all the furnishing also to be lost. The [W]ife testified that the [H]usband had told her that

the parties' automobile had been totally destroyed in a wreck, so she was unsure where the car was. She did not have the car, nor the furnishings. She had simply left in February, 1996, when the abuse got so bad, without anything but her and the child's clothing. She testified finally that the [H]usband had paid her no child support or alimony.

As to his income, the [W]ife testified that she could identify a 1994 joint income tax return showing a total income of $37,261 from her husband's dental income. He was capable of being a practicing dentist and earning at least this much income. This return was the last and only tax return received from [the Husband]. . . . [The Wife ] testified that she was just beginning to get some income, but that it was difficult to do so in the area where her sister lived. Obviously, she had some difficulty with the language and the culture. She testified that she needed alimony and child support to survive.

Finally [the Wife ] testified that she would allow contact with her son, so long as it could be supervised in Colorado. At this point, the court told [the Husband's attorney] that [the Husband] would not be allowed to take the child out of the United States, until he had established some trust relationship with the court such as following the court orders and visiting with the child in Colorado for a period of time. Since [the Husband] apparently claimed that he was not working as a dentist, this should have presented no problem.

In addition, the statement of the evidence reveals certain comments by the Husband's attorney who was present at the hearing. He said that he did not know exactly how serious the emergency was with the Husband's mother but "that [the Husband] apparently did not want to return to Tennessee for the court date." He also stated that he was not sure whether the Husband planned to stay in India or return to the United States. In the statement of evidence, the court stated that in rebuttal to the Wife's testimony regarding the Husband's income, his attorney "presented earnings for the first four months of 1996, but upon realizing that this would represent a higher income, he withdrew the materials."

Pursuant to the Final Divorce Decree, the Wife was awarded all marital property, custody of the parties' minor child, child support in the amount of $493 per month, rehabilitative alimony in the initial amount of $1007 per month and alimony in solido in the amount of $2000 as part of her attorney fees. Costs of the cause were assessed against the Husband. Finally, the Husband was granted

a limited visitation with the child -- one week per year in Colorado or in Nashville if the Husband lives in Nashville.

The Husband filed a pro se Motion for New Trial in which he alleged that he left the country because his mother suffered an acute heart attack and was hospitalized in India. The court denied the Husband's request. The Husband then filed a Motion to Supplement the Record which the court granted. The record was supplemented with Husband's affidavit in which he stated that, at the time of divorce hearing, he was in India attending to his seventy-one year old mother who was hospitalized for a two-month period due to a serious heart condition. In addition, the Husband supplemented the record with a hospital record which showed that a Mrs. Parvathi stayed at the Aysha Hospital in Madras from October 25, 1996 until November 2, 1996 for symptoms involving heart trouble and diabetes. Another supplemented hospital record indicated a second hospital stay from November 18, 1996 to December 24, 1996. In the Husband's supplemented affidavit, he stated that he was prejudiced by not being present at the hearing as the court's property division was inequitable and the court's scheduled visitation with the parties' child was inadequate.

On appeal, the Husband has raised one issue: whether the trial court erred in denying his Motion for New Trial. We review the court's denial for an abuse of discretion. *Esstman v. Boyd*, 605 S.W.2d 237, 240 (Tenn. Ct. App. 1979). The Husband argues first that since the only testimony at trial was the Wife's, the final decree should be treated as a default judgment. He thus asserts that according to Rule 55.02 of the Tennessee Rules of Civil Procedure, for good cause shown, the court may set aside a judgment by default in accordance with Rule 60.02 which provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the operation of the judgment.

The Husband notes that the supreme court has cited with approval the distinction made by the federal courts in applying Rule 60 to default judgments indicating

that great liberality should be applied in granting Rule 60 Motions in cases of default judgments since the interests of justice are best served by a trial on the merits only after a careful study of all relevant evidence. ***Tennessee Dep't of Human Servs. v. Barbee***, 689 S.W.2d 863, 866 (Tenn. 1985); ***see Nelson v. Simpson***, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991) ("The courts should construe Tenn.R.Civ.P. 60.02's requirements liberally when a party is seeking relief from a default judgment.")

Initially, we reject the Husband's characterization of the decision below as a default judgment. Rule 55.01 of the Tennessee Rules of Civil Procedure provides that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." The Husband did not fail to plead or defend in this case. The Husband, through his attorney, filed an answer and counter complaint to the Wife's complaint for divorce. He filed other motions including a motion to continue the case in light of an alleged "family emergency." The Husband's attorney was present at the trial. The statement of evidence included in the record indicates that the Husband's attorney presented at least some evidence in rebuttal and argued before the court at the final hearing.

Thus, the real issue here is whether the lower court erred in denying the Husband a new trial in light of the fact that he was not present at the final hearing for the reasons given. The crux of the Husband's argument that the lower court erred in denying him a new trial is that the court should have granted him the continuance that his attorney twice requested. He contends that, without his testimony, the court did not have all the relevant considerations before it at trial. Moreover, taking care of a sick parent overseas constitutes a justifiable absence and warrants a continuance.

From the statement of evidence, we can glean the court's rationale for denying the Motion for Continuance. As stated, the court first noted that the motion had been denied because the Husband had been present at the pre-trial conference and because the Wife already had her airline ticket for the December

12 hearing. In addition, the court stated that no documents verified the Husband's mother's illness, that there was very little at issue, and that the Husband had not followed prior orders of visitation. Finally, the court stated that there was very little property at issue due to a foreclosure on the house and that the information regarding the Husband's income had been presented to the court at the pretrial conference where the Husband was present.

As does the grant of a new trial, "[t]he granting or denial of a motion for a continuance lies in the sound discretion of the court." *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997) (citing *Moorehead v. State*, 409 S.W.2d 357, 358 (Tenn. 1966)). On the record before us, we must conclude that the trial court abused its discretion in not granting the Husband a continuance. We cannot agree with the court's assessment that there was little at issue. In the final hearing, the court had to determine the grounds for divorce, the proper parent to have custody of the minor child, the appropriate amount of child support and alimony, the classification and division of marital property and apportionment of marital debt.

The law is clear that "in order to show an abuse of discretion, the plaintiff must show some prejudice or surprise which arises from the trial court's failure to grant the continuance." *Commissioner of Dept. of Transp. v. Hall*, 635 S.W.2d 110, 111 (Tenn. 1982) (citing *Brady v. State*, 584 S.W.2d 245 (Tenn. Crim. App.1979)). The prejudice to the Husband is obvious here. The Husband's own testimony is no doubt the best evidence he has in this case. Without benefit of this testimony, the court made a decision which greatly impacted the Husband's life. The Wife received custody of the parties' child with the Husband being given extremely minimal visitation. All marital property was awarded the Wife. She was awarded child support, and alimony and attorneys fees without consideration of any proof from the Husband himself regarding his ability to pay.

Lastly, we dismiss the court's concern about the Wife having already purchased airline tickets. As the Husband asserts, plane tickets are generally refundable or transferable and if the Wife's were not, the Court could have remedied any prejudice to the Wife by requiring the Husband to purchase new

tickets. While we can understand the court's initial problem with the Husband's failure to present proof of his mother's illness with his motions for continuance, the fact is that he did supplement the record with such proof for our review on appeal. These hospital records verifying his mother's hospital stays along with the Husband's affidavit are sufficient to convince us on appeal of the veracity of the Husband's need to be absent.

In light of the significance of this decision to both parties and of the prejudice suffered by the Husband at the court's decision not to grant a continuance and to thereby hold the trial without him, we conclude that the lower court should have granted the Husband a new trial. We therefore vacate the judgment of the trial court and remand this case for a re-trial on the merits. The lower court is directed to make such orders so that the Wife is not financially prejudiced by the continuance. Costs of this appeal are taxed to the appellee.

_____

WALTER W. BUSSART, SPECIAL JUDGE


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE

DISSENTING OPINION
BEN H. CANTRELL, JUDGE

-7-