IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 28, 2015 Session

**TERRY NELSON v. MICHAEL D. PONCE & ASSOCIATES, PLLC**

**Appeal from the Circuit Court for Davidson County**
**No. 13C895      Don R. Ash, Judge**

———————————————

**No. M2014-01079-COA-R3-CV - Filed February 26, 2015**

———————————————

This is a legal malpractice case that was dismissed on grant of summary judgment in favor of Appellee law firm. The trial court denied Appellant's motion to continue the hearing on the motion for summary judgment, and also struck Appellant's filings in opposition to the motion for summary judgment as untimely. Discerning no error, we affirm and remand.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. Steven Stafford, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

James D.R. Roberts, Jr., and Janet L. Layman, Nashville, Tennessee, for the appellant, Terry Nelson.

Blakeley D. Matthews, Jason K. Murrie, and Peter C. Robison, Nashville, Tennessee, for the appellee, Michael D. Ponce & Associates, PLLC.

# MEMORANDUM OPINION[1]

## I. Background

This is a legal malpractice case stemming from Appellee Ponce & Associates, PLLC's ("Ponce Law") representation of Appellant Terry Nelson for possible claims against Corrections Corporation of America ("CCA"). In June 2011, Mr. Nelson met with Mr. Brian Dunigan, a lawyer with Ponce Law, to discuss the possibility of filing suit against CCA. Mr. Nelson claimed that while he was incarcerated at a CCA facility, he "suffered injuries, including a seizure, which were misdiagnosed and/or mistreated." Mr. Nelson asserted that CCA's alleged negligence resulted in "serious aggravation of his injuries." On June 7, 2011, Mr. Nelson entered into a contingency retainer agreement with Ponce Law. The agreement contemplated and expressly allowed Ponce Law to associate additional lawyers to assist in pursuing Mr. Nelson's potential claims. The agreement further allowed Ponce Law to withdraw from representation in the event that facts were uncovered that rendered the representation "unwise, unethical or simply impossible." Specifically, the agreement provided:

> Client acknowledges that [Ponce Law] retains the right to withdraw as his/her attorney. . . . If the Law Office determines it no longer desires to represent me in this matter, I agree to consent to its withdrawal as my attorney upon proper, timely and written notice. I understand and agree that if I have moved or relocated without informing the Law Office, I may not receive notice that the Law Office has withdrawn its representation of me. I will therefore notify the Law Office prior to any move.

Pursuant to the parties' agreement, Ponce Law associated the Memphis law firm of Rosenblum & Reisman, P.C. to assist in the investigation and assessment of the viability of Mr. Nelson's case against CCA. In addition to obtaining Mr. Nelson's hospital records,

---

[1] Rule 10 of the Rule of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Ponce Law requested and obtained Mr. Nelson's inmate medical records from CCA. Because Mr. Nelson had been incarcerated on several occasions, these records were quite voluminous. Ponce Law worked with lawyers from Rosenblum & Reisman to review the records. Ponce Law also arranged for Dr. George W. Thomas, M.D. to review the records for the purpose of providing an expert opinion as to Mr. Nelson's potential claims. By letter of February 10, 2012, Dr. Thomas opined that Mr. Nelson's claims against CCA lacked any medical support. Dr. Thomas's letter was filed in support of Ponce Law's motion for summary judgment, discussed *infra*.

Based on Dr. Thomas's conclusion, coupled with the information Ponce Law had gleaned from its review of Mr. Nelson's records, Ponce Law determined that Mr. Nelson's lawsuit against CCA was not viable. Accordingly, Ponce Law withdrew from representation. The decision to withdraw its representation was allegedly conveyed to Mr. Nelson by letter dated February 17, 2012. This letter, which was sent from Brian Dunigan, the Ponce Law lawyer assigned to Mr. Nelson's case, indicates that Ponce Law is notifying Mr. Nelson of its withdrawal from representation by letter "because [Ponce Law is] unable to reach [Mr. Nelson] by telephone." This letter also reminds Mr. Nelson of the applicable statute of limitations period for filing his claims against CCA, i.e., ". . . if you wish to pursue this matter further, please remember that Tennessee has a statute of limitations and other legal deadlines that apply to personal injury cases. Your case must be filed properly with the court [within] one year of the date of injury." This letter was filed with the trial court in support of Ponce Law's motion for summary judgment. Mr. Nelson claims he did not receive the February 17 letter. However, Mr. Dunigan's affidavit and Ponce Law's time sheets, both of which were submitted to the court in support of the motion for summary judgment, state that Mr. Nelson called Ponce Law on February 21, 2012 and February 22, 2012. Mr. Dunigan's affidavit states that during these telephone conversations, Ponce Law "informed [Mr. Nelson] of its determination and the need to withdraw from further representation."

On February 28, 2013, Mr. Nelson filed a complaint for legal malpractice and breach of contract against Ponce Law. On October 8, 2013, the trial judge conducted a telephonic case-management conference, in which lawyers for both sides participated. During the conference, the parties agreed that the trial would commence on May 6, 2014; the commencement date was subsequently moved to May 19, 2014 by order entered on January 31, 2014. The parties also agreed on the case management deadlines, which were approved by entry of an Agreed Scheduling Order on December 23, 2013.[2] Pursuant to this order, Mr.

---

[2] Tennessee Rule of Civil Procedure 16.01 provides, in relevant part, that:

(continued . . .)

3

Nelson was required to "disclose any and all expert witnesses on or before January 17, 2014." Furthermore, the agreed order states that "a motion hearing date is set for **February 24, 2014, at 2:00 p.m.**" (emphasis in original).

Mr. Nelson neither disclosed an expert witness, nor requested additional time to comply with the scheduling order by the January 17, 2014 deadline. On January 23, 2014, Ponce Law filed a motion for summary judgment. In support of its motion, Ponce Law filed its responses to interrogatories and requests for production of documents, a statement of undisputed material facts, a memorandum of law, and Mr. Dunigan's affidavit. In his affidavit, Mr. Dunigan opined that Ponce Law had not breached the standard of care for professional legal services in its representation of Mr. Nelson. In its motion, Ponce Law argued that Mr. Nelson's "expert disclosures deadline has passed without [Mr. Nelson's] disclosure of any competent expert to support his claims of professional negligence." Accordingly, Ponce Law argued that Mr. Nelson "cannot rebut the testimony of Brian Dunigan that Ponce Law complied with the applicable standard of care throughout its representation of [Mr. Nelson]." Pursuant to the agreed scheduling order, *supra*, the motion for summary judgment was set for hearing on February 24, 2014.

Pursuant to Tennessee Rule of Civil Procedure 56.03, Mr. Nelson was required to file and serve a response to the motion for summary judgment five days before the scheduled hearing.[3] Likewise, under Tennessee Rule of Civil Procedure 56.04, Mr. Nelson was

---

(continued. . .)
> (1) In any action, the court may in its discretion, or upon motion of any party, conduct a conference with the attorneys for the parties and any unrepresented parties, in person or by telephone, mail, or other suitable means, and thereafter enter a scheduling order that limits the time:
> (A) to join other parties and to amend the pleadings;
> (B) to file and hear motions; and
> (C) to complete discovery.

[3] Rule 56.03 provides, in pertinent part that:
> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii)
>                                                        (continued . . .)

required to file any opposing affidavits not later than five days before the hearing.[4] The time period for filing a response to the motion for summary judgment was less than eleven days. Tennessee Rule of Civil Procedure 6.01 provides, in relevant part, that "[w]hen the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." We noted that February 17, 2014 was observed as the President's Day holiday. Therefore, applying Rule 6.01, Mr. Nelson had until February 14, 2014 to file and serve his response to the motion for summary judgment. Mr. Nelson did not file either a response, or an opposing affidavit by the February 14, 2014 deadline. Moreover, he did not file a motion for enlargement of the time for submission under Tennessee Rule of Civil Procedure 6.02 before the Rule 56 deadline. After the deadline for response passed, Ponce Law served Mr. Nelson's lawyer with a proposed order granting the motion for summary judgment pursuant to Davidson County Local Rule Section 26.04(g), which allows a motion for summary judgment to be granted where there has been no timely response.[5] In response to the proposed order, on February 20, 2014, Mr. Nelson

_____

(continued . . .)
>
> demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

[4] Tennessee Rule of Civil Procedure 56.04 provides, in pertinent part:

> The motion shall be served at least thirty (30) days before the time fixed for the hearing. The adverse party may serve and file opposing affidavits not later than five days before the hearing.

[5] Davidson County Local Rule 26.04 provides, in relevant part:

> d. If the motion is opposed, a written response to the motion must be filed and personally served on all parties. The response shall state with particularity the grounds for opposition to the motion, supported by legal authority, if applicable. If no response is filed, the motion shall be granted. . . .
> e. Responses to motions, including counter-affidavits, depositions, briefs, or any other matters presented in opposition to motions, must be filed with the clerk's office by the close of business on Monday before the Friday on which the motion is to be heard. The response must also be personally served upon all parties no later than 5:00 p.m. on the Monday before the Friday on which the motion is to be heard. If Monday falls on a holiday and the offices of the court clerks are

(continued . . .)

filed an Expedited Motion to Continue, wherein Mr. Nelson's lawyer explains:

> 1. [Ponce Law] filed its Motion for Summary Judgment on January 23, 2014;
> 2. At the time the motion [for summary judgment] was filed, the Court had February 24, 2017 and March 7, 2014 available for hearings. The February 24th date was only <u>32</u> days from the date of service, and not 37, as required under Tenn. R. Civ. Pro. 56;
> 3. [Mr. Nelson's] counsel voluntarily agreed to the earlier February date to expedite the case not knowing that Mr. Nelson had traveled to California, and that he had been incarcerated in California for what counsel understands was a probation violation;
> 4. At the time counsel agreed to a shortened response period, he did not have any reason to believe he would have a problem communicating with Mr. Nelson. . . .
> 5. Finally, on February 18, 2014, counsel for the first time obtained an (email) address for Mr. Nelson. Counsel promptly sent Mr. Nelson an affidavit via email to sign and instructed him to execute, notarize, and return the same immediately. . . .

---

> (continued . . .)
> closed, responses to motions must be filed with the clerk's office by the close of business on the Tuesday before the Friday on which the motion is to be heard. In case of a Monday holiday, service of the response on all parties must occur no later than 5:00 p.m. Tuesday.
> f. Replies to responses, if any, must be filed with the clerk's office by the close of business on the Wednesday before the Friday on which the motion is to be heard. The reply must also be personally served on all other parties no later than 5:00 p.m. on the Wednesday before the Friday on which the motion is to be heard.
> g. IF NO RESPONSE IS TIMELY FILED AND PERSONALLY SERVED, THE MOTION SHALL BE GRANTED AND COUNSEL OR PRO SE LITIGANT NEED NOT APPEAR IN COURT AT THE TIME AND DATE SCHEDULED FOR THE HEARING.

(Emphasis in original).

6. Mr. Nelson has not returned the signed affidavit. . .[6]

Based on the foregoing factual averments, Mr. Nelson's lawyer asked the trial court to move the hearing date on the motion for summary judgment to March 7, 2014 so as to restore Mr. Nelson "to his full thirty-seven (37) [sic] day response time as contemplated by Rule 56 of the Tennessee Rules of Civil Procedure." Ponce Law opposed the motion for continuance, arguing that regardless of his failure to timely respond to the motion for summary judgment, Mr. Nelson had also failed to disclose his expert by the January 17, 2014 deadline. Because the failure to comply with the earlier scheduling order could not be cured, Ponce Law argued that the motion for summary judgment should be granted without continuance. On February 21, 2014, Mr. Nelson filed an expedited motion to extend the original expert disclosure date (i.e., January 17, 2014) to February 24, 2014. In its March 6, 2014 order, *infra*, the trial court notes that the "expedited motion to continue" was "received by this court some four (4) hours after receipt of [Ponce Law's] proposed order [granting its motion for summary judgment]." The motion to continue was heard via teleconference on February 21, 2014. Concerning the motion to continue, the court's March 6, 2014 order goes on to state only that the court "denied [Mr. Nelson's] motion to continue at that time." The order does not indicate the trial court's reason for denying the motion. Furthermore, the expedited motion to extend the expert disclosure date is not specifically referenced in either the order granting summary judgment, the amended order granting summary judgment, or in any separate order. Nonetheless, we glean from the subsequent proceedings, and the grant of summary judgment, that the trial court also denied this motion.

On February 24, 2014, the trial court heard the motion for summary judgment. On March 6, 2014, the trial court entered its order granting Ponce Law's motion for summary judgment. In the order, the trial court finds, in relevant part:

> On February 21, 2014, [Mr. Nelson] sent[, by] an e-mail to the court and to defense counsel[,] the affidavit of attorney Nathan Scott Moore[,] which was signed on February 12, 2014;

---

[6] Mr. Nelson's motion for continuance contains a misstatement. Therein, Mr. Nelson states that Tennessee Rule of Civil Procedure 56 requires 37 days between service of the motion for summary judgment and hearing on same. Rule 56.04 of the Tennessee Rules of Civil Procedure states that "the motion shall be served at least **thirty (30) days** before the time fixed for hearing" (emphasis added). Likewise, the Davidson County local Rules of Court do not extend this thirty-day time period. Rather, Local Rule 26.01 comports with Tennessee Rule of Civil Procedure 56.04, stating: "Dispositive motions must be scheduled to be heard at least thirty (30) days before a trial date unless the court otherwise orders." We note, however, that the thirty-day time period may be extended by operation of Tennessee Rules of Civil Procedure 6.

unsigned affidavit of Terry Nelson; and [Mr. Nelson's] response statement of undisputed facts. The documents were marked during the Court hearing on February 24, 2014. Later that day [i.e., February 24, 2014] , and after the conclusion of the hearing, the court received a signed affidavit of Terry Nelson.

The court's March 6, 2014 order grants summary judgment to Ponce Law on the ground that Mr. Nelson "did not timely file either an expert affidavit or an affidavit disputing the sworn statements of [Ponce Law]." As noted by the trial court, Mr. Nelson did file his signed affidavit on February 24, 2014 (sometime after the hearing concluded). On April 3, 2014, Mr. Nelson filed a Tennessee Rule of Civil Procedure 59 motion to alter or amend the March 6, 2014 order granting summary judgment.

On April 16, 2014, the trial court filed an Amended Order, stating, in relevant part:

> 3. A scheduling order, prepared by parties, was submitted to the court. . . . It provided . . . [Mr. Nelson would] disclose any expert witnesses by January 17, 2014.
>
> *        *        *
>
> 13. Here, [Mr. Nelson] did not timely file either an expert affidavit or an affidavit disputing the sworn statements of [Ponce Law].
>
> 14. . . . In this case, [Mr. Nelson] failed to cooperate with his counsel in timely submitting affidavits from himself or his expert. The Rules of Civil Procedure need to be fairly applied to both sides of litigation, **and, therefore, [Mr. Nelson's] affidavit of attorney Nathan Scott Moore, unsigned affidavit of Terry Nelson, [Mr. Nelson's] response statement of undisputed facts, and signed affidavit of Terry Nelson. . . are STRICKEN as untimely.**

(Emphasis in original).

In the absence of the stricken documents, the trial court concluded that there were no disputed issues of material fact, and that Ponce Law was entitled to judgment as a matter of law.

On May 1, 2014, Mr. Nelson filed an amended Tennessee Rule of Civil Procedure 59 motion to alter or amend the April 16, 2014 amended order. On May 15, 2014, the trial court denied

the Rule 59 motion, citing *Vaccarella v. Vacarella*, 49 S.W.3d 307, 312 (Tenn. Ct. App. 2001), for the proposition that a motion to alter or amend may not be granted if such motion is seeking to re-litigate matters that have already been adjudicated. In denying Mr. Nelson's motion, the trial court specifically found that there had been no change of law, new evidence, or clear error so as to warrant relief from the April 16, 2014 order. Specifically, the May 15, 2014 order provides:

> 6. This court granted summary judgment in favor of [Ponce Law] and denied [Mr. Nelson's] requests to consider the late-filed responses and affidavits of [Mr. Nelson]. . . .
> 7. [Mr. Nelson] argues the court erred in denying his request to consider late-filed documents and affidavits which created an injustice to [Mr. Nelson]. . . .
> 8. This court previously ruled [Mr. Nelson] did not timely file either an expert affidavit or an affidavit disputing the sworn statements of [Ponce Law] in its order granting summary judgment and struck the untimely documents filed by [Mr. Nelson].
> 9. This court finds there are no clear errors of fact or law [to justify the grant of the motion to alter or amend].

## II. Issue

Mr. Nelson filed a timely notice of appeal on June 5, 2014. The sole issue for review is whether the trial court erred in granting summary judgment in favor of Appellee Ponce Law.

## III. Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore *de novo* with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 816, 622 (Tenn.1997). This Court must make a fresh determination that all the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Abshure v. Methodist Healthcare–Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn.2010). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Further, according to the Tennessee General Assembly:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of

9

proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code. Ann. § 20–16–101 (effective on claims filed after July 1, 2011).

## IV. Analysis

As discussed above, the trial court granted summary judgment on the ground that Mr. Nelson failed to file any response to Ponce Law's motion for summary judgment within five days of the hearing on the motion as required under Tennessee Rules of Civil Procedure 56.03 and 56.04. In the agreed scheduling order, Mr. Nelson agreed that all motions would be heard on February 24, 2014, which was less time between service of the motion and hearing than contemplated by Rule 56.[7] From the arguments set out in his appellate brief, and based upon the relief sought in the trial court, we conclude that despite agreeing to the earlier hearing date of February 24, 2014, Mr. Nelson ostensibly wishes to be given the full measure of time allowed under the rules of civil procedure and/or the local rules of the Davidson County Circuit Court. By denying Mr. Nelson's motion to continue the summary judgment hearing, the trial court denied him the benefit of additional time under Rule 56.04 to make responsive filings in opposition to the motion for summary judgment. In the absence of any filings in opposition to the motion for summary judgment, the trial court correctly granted the motion in favor of Ponce Law under Tennessee Rule of Civil Procedure 56.06 ("If the adverse party

---

[7] As noted above, Tennessee Rule of Civil Procedure 56.04 contemplates at least thirty days between service of the motion and hearing on same. Here, Ponce Law filed its motion for summary judgment on January 23, 2014. The certificate of service on the motion indicates that service was made by U.S. mail. Tennessee Rule of Civil Procedure 6.05 extends the time period by three days when service is accomplished by mail. In addition, Tennessee Rule of Civil Procedure 6.01 omits the first day (i.e., January 23, 2014) from the calculation and adds additional days if the last day falls on a weekend day. Applying these rules to the facts at bar, service of the motion for summary judgment was accomplished on Monday, January 27, 2014. Thirty days from January 27, 2014 (excluding the first day under Rule 6.01) would have been February 26, 2014.

does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."). The initial question, then, is whether the trial court erred, or otherwise abused its discretion, in denying Mr. Nelson's motion for continuance.

"The granting or denial of a motion for a continuance lies in the sound discretion of the court." **Blake v. Plus Mark, Inc.**, 952 S.W.2d 413, 415 (Tenn.1977) (citing **Moorehead v. State**, 409 S.W.2d 357, 358 (Tenn.1966)). "The ruling on the motion will not be disturbed unless the record clearly shows abuse of discretion and prejudice to the party seeking a continuance." *Id*. (citing **State v. Strouth**, 620 S.W.2d 467, 472 (Tenn.1988)); *see also* **Comm'r of Dep't of Transp. v. Hall**, 635 S.W.2d 110, 111 (Tenn.1982) ("[I]n order to show an abuse of discretion, the plaintiff must show some prejudice or surprise which arises from the trial court's failure to grant the continuance.") (citation omitted). Under the abuse of discretion standard, we must consider "(1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." **State ex rel. Moore v. Moore**, No. W2007–01519–COA–R3–JV, 2008 WL 2687672, at *3 (Tenn. Ct. App. July 3, 2008) (citing **State ex rel. Vaughn v. Kaatrude**, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)). We are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness," and "we are not permitted to substitute our judgment for that of the trial court." **Caldwell v. Hill**, 250 S .W.3d 865, 869 (Tenn. Ct. App. 2007). In considering a motion for a continuance, trial courts should consider "(1) the amount of time the proceedings have been pending, (2) the reasons for the continuance, (3) the diligence of the parties seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." **Burks v. Spurlin**, No. M2006–00122–COA–R3–CV, 2007 WL 1341769, at *2 (Tenn. Ct. App. May 7, 2007) (citing **Nagarajan v. Terry**, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003)).

In applying the foregoing authority, a review of the relevant, procedural time-line is helpful:

- February 28, 2013– Mr. Nelson filed his lawsuit.
- December 23, 2013– Agreed Scheduling Order entered. This order set January 17, 2014 as date for disclosure of Mr. Nelson's expert(s), and February 24, 2014 as the date for hearing on any motions.
- January 27, 2014– motion for summary judgment is **served**, *see* fn. 7 *supra*, asserting grounds of failure to comply with the January 17, 2014 expert disclosure date. Hearing is scheduled for February 24, 2014 pursuant to the agreed scheduling order.
- February 14, 2014– Tennessee Rule of Civil Procedure

11

56 time period (i.e., five days prior to the hearing date including Tennessee Rule of Civil Procedure 6.01 computation for weekends and holiday) for Mr. Nelson to file responsive documents in opposition to the motion for summary judgment expires.

- February 20, 2014–Mr. Nelson files his expedited motion to continue the hearing on the motion for summary judgment, which the trial court denies on February 21, 2014 during the telephone conference. The March 6, 2014 order reflects the trial court's ruling.
- February 21, 2014–Mr. Nelson attempts to file documents in response to the motion for summary judgment, including his unsigned/unsworn affidavit, the affidavit of his expert Nathan Scott Moore, Mr. Nelson's response to the motion for summary judgment, along with a counter-statement of undisputed material facts, and a memorandum of law in response (and opposition) to the motion for summary judgment.
- February 24, 2014–hearing on the motion for summary judgment.
- February 24, 2014 (following the hearing)–Mr. Nelson files his signed and sworn affidavit, and re-files the other documents that were originally filed on February 21, 2014.

Importantly, at the time Mr. Nelson missed the January 17, 2014 agreed deadline for disclosure of his expert(s), his legal malpractice case had been pending for some eleven months. A claimant alleging legal malpractice bears the burden of proving all of the essential elements of such claim. *Horton v. Hughes*, 971 S.W.2d 957, 959 (Tenn. Ct. App.1998). "In order to make out a prima facie legal malpractice claim, [the claimant] must present competent evidence showing (1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damage, and (4) that the breach proximately caused the plaintiff's damage." *Id*. (citing *Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 403 (Tenn.1991)); *Blocker v. Dearborn & Ewing*, 851 S.W.2d 825, 827 (Tenn. Ct. App.1992)). "When determining whether a lawyer breached a duty, the question becomes whether the lawyer failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by other attorneys practicing in the same jurisdiction." *Id*. (citing *Cleckner v. Dale*, 719 S.W.2d 535, 540 (Tenn. Ct. App.1986)). "It is well-settled law that, '[i]n a legal malpractice action, expert testimony is required to establish negligence and proximate cause unless the alleged malpractice is within the common knowledge of laymen.'" *Strong v. Baker*, No. M2007–00339–COA–R3–CV, 2008

WL 859086, at *7 (Tenn. Ct. App. Mar.31, 2008) perm. app. denied (Tenn. Oct. 27, 2008) (quoting *Rose v. Welch*, 115 S.W.3d 478, 484 (Tenn. Ct. App.2003)). "Only in cases involving, 'clear and palpable negligence' can legal malpractice be determined without expert testimony." *Id*. (citing *Rose*, 115 S.W.3d at 484; *Cleckner*, 719 S.W.2d at 540). "Thus, except in extreme cases, if a defendant-attorney presents expert proof that he or she did not breach the duty of care, the plaintiff-client must present rebuttal expert proof that a breach of care did occur in order to create a genuine issue of material fact." *Id.* (citing *Bursack v. Wilson*, 982 S.W.2d 341, 343–45 (Tenn. Ct. App.1998)). Here, Mr. Nelson has never argued that the legal malpractice he alleges in his complaint against Ponce Law is so obvious as to fall within the narrow exception to the expert evidence requirement in legal malpractice cases. *Id*. ("[A]bsent allegations of obvious negligence, expert evidence is required."). Accordingly, we conclude that the affidavit of his expert Mr. Moore was necessary to create a dispute of material fact in light of Ponce Law's submission of Mr. Dunigan's affidavit, stating that Ponce Law had not fallen below the applicable standard of care for lawyers in Tennessee. Therefore, it is a reasonable assumption that Mr. Nelson should have known the name of his expert at the time he filed his lawsuit on February 28, 2013. Yet, he failed to disclose the name of the expert by the January 17, 2014 deadline, which was nearly a year after the complaint was filed.

Even if we allow, *arguendo*, that, under Tennessee Rule of Civil Procedure 56.04, Mr. Nelson should have been allowed the full five-days before hearing on the motion for summary judgment to submit his expert's affidavit, that would have only given him until February 14, 2014. As noted above, the first attempt to file any responsive documents in opposition to the motion for summary judgment was on February 21, 2014. Furthermore, Mr. Nelson's lawyer did not petition the court for a continuance or for other forms of relief from the Rule 56 time line until February 20, 2014, which was three days after his filing deadline had passed, and only one business day before the scheduled hearing. Viewing these facts in light of the criteria that should be considered in ruling on a motion for continuance, at the time Mr. Nelson moved for continuance, he had been aware of his claim for nearly two years. *Burks v. Spurlin*, 2007 WL 1341769, at *2. This awareness should have provided Mr. Nelson ample time to procure an expert to testify in his lawsuit. In addition, as set out in the motion for continuance, and noted by the trial court in its March 6, 2014 order, Mr. Nelson's unilateral decision to leave the state without apparently informing his lawyer caused his lawyer to be unable to file Mr. Nelson's responsive affidavit. Nonetheless, based upon the foregoing discussion, Mr. Nelson's lawyer should have either procured documents to oppose the motion for summary judgment, or filed for an extension of time well before he regained contact with Mr. Nelson on or about February 18, 2014. As such, from the totality of the circumstances, we cannot conclude that the trial court abused its discretion in denying Mr. Nelson's request to continue the hearing on the motion for summary judgment. Because Mr. Nelson failed to provide his opposing documents by the Rule 56 deadline of February 14,

13

2014, we further conclude that the trial court did not err in striking these documents. In the absence of these opposing documents, the trial court correctly granted summary judgment in favor of Ponce Law. Tenn. R. Civ. P. 56.06.

### V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Terry Nelson, and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE